UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| PANDORA JEWELRY, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:10-CV-135 SNLJ |
| ) | |
| BAJUL IMPORTS, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This is a patent infringement case brought by plaintiff Pandora Jewelry, LLC ("Pandora"), a jewelry designer and retailer, against Bajul Imports, Inc. ("Bajul"). Pandora alleges that Bajul is infringing Pandora's Patent Number 7,007,507 ("Patent '507") in violation of 35 U.S.C. § 271(a), is inducing infringement under 35 U.S.C. § 271(b), and is a contributory infringer under 35 U.S.C. § 271(c). Patent '507 is for "necklaces and bracelets with keepers" (all caps formatting removed).

Defendant Bajul filed its Motion to Compel Production of Documents from Pandora on January 31, 2011 (#42). Plaintiff has responded (#48), and Bajul filed a reply (#54).

**I.    Legal Standard**

Under Federal Rule of Civil Procedure Rule 26(b)(1), parties may obtain discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party." Relevancy is broadly construed, and "a request for discovery should be considered relevant if there is *any possibility* that the information sought may be relevant to the claim or defense of any party." *Breon v. Coca-Cola Bottling Co. of New England*, 232 F.R.D. 49, 52 (D. Conn. 2005) (original emphasis). Even if relevant, however, "discovery is not permitted where there is no

need shown or compliance would be unduly burdensome, or where harm to the person from whom the discovery is sought outweighs the need of the person seeking the information." *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 925 (8th Cir. 1999), quoting *Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1323 (Fed. Cir.1990).

## II. Discovery Requests

Defendant Bajul states that Pandora has filed lawsuits against several other sellers of jewelry, alleging infringement of the '507 patent, and that those lawsuits have settled. As a result, Bajul says, Pandora possesses settlement and license agreements concerning the '507 patent. Bajul wants to compel Pandora to produce documents responsive to the following requests in Bajul's First Set of Requests for Production of Documents and Things: (a) Requests 9-13 and 17 (agreements and covenants not to sue concerning the '507 Patent and related correspondence); (b) Request 1 (deposition transcripts in cases concerning the '507 Patent); (c) Request 6 (documents already produced by Pandora in the other lawsuits concerning the '507 Patent); and (d) Request 23 (documents concerning Bajul).

### A. Document Requests 9-13 and 17

These requests seek the following documents related to the '507 patent: (9) license agreements, (10) covenants not to sue, (11) settlement agreements, and (12) and (13) correspondence with third parties regarding actual and potential license and settlement agreements.[1]

---

[1]The parties appear to agree that there is no dispute pending regarding Request for Production 17, which is for documents evidencing whether licensees of Pandora mark their products with the '507 patent number.

Defendant Bajul argues that these agreements and related information are relevant to issues of liability, damages, and the availability of injunctive relief. Plaintiff Pandora argues that Federal Rule of Evidence 408 protects this information from being evidence at trial, and that, as a result, courts require the requesting party to meet a heightened standard that admissible evidence will be generated before compelling production of confidential settlement information. *See Auto-Owners Ins. Co. v. Mid-America Piping, Inc.*, No. 07-cv-394, 2008 WL 2570820, *2 (E.D. Mo. June 26, 2008); *Bottaro v. Hatton Assocs.*, 96 F.R.D. 158, 160 (E.D.N.Y. 1982); *Morse/Diesel, Inc. v. Trinity Indus., Inc.*, 142 F.R.D. 80, 84 (S.D.N.Y. 1992). Bajul contends that it has met any "heightened standard" because it needs to see the license agreements in order to determine whether Pandora has the right to maintain this action, or whether another indispensable party exists. Additionally, Bajul states that the settlement and license agreements are relevant to liability because they go to whether Bajul's jewelry components can be used by those who are already licensed under the '507 patent. Finally, Bajul argues that a patent owner's grant of licenses may affect Pandora's ability to prove lost profits, a reasonable royalty determination, and other issues regarding damages. Pandora correctly points out that the United States Supreme Court and others have held that royalties paid to settle patent litigation were not relevant in determining damages. *See Rude v. Westcott*, 130 U.S. 152, 164 (1889). But in some cases, the Federal Circuit has held that licenses granted in settlement of litigation may be "the most reliable license" for determining a reasonable royalty. *ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860, 872 (Fed. Cir. 2010).

 At the outset, the Court notes that "other courts have routinely recognized that license agreements relating to the patent-in-suit, and entered into in connection with settlement, are discoverable" despite a plaintiff's confidentiality concerns. *Wyeth v. Orgenus Pharma Inc.*, No.

09-3235, 2010 WL 4117157 (D.N.J. Oct. 19, 2010) (collecting cases). The Court finds that Bajul's requests for the license agreements are reasonably calculated to lead to the discovery of admissible evidence, and the parties have already devised a protective order sufficient to protect confidentiality concerns. However, the Court finds that Bajul has not made sufficient showing of its need for covenants not to sue, settlement agreements, and correspondence. Pandora will therefore be ordered to produce documents responsive to Request for Production 9.

    **B.    Document Request 1**

This request seeks all deposition transcripts and exhibits in cases concerning the '507 patent. Pandora agreed to produce deposition transcripts and exhibits for Pandora's fact witnesses but refuses to produce transcripts and exhibits for Pandora's expert witnesses. Expert depositions, Pandora states, would be focused almost entirely on the defendants' sales data; thus, the testimony could be unrelated to the claims and defenses presented in this litigation, and it would involve highly sensitive financial information of Bajul's competitors.

Bajul contends that Pandora's concerns could be addressed by this cases's existing protective order and/or redactions. Bajul also says that Pandora's technical experts' testimony would not present confidential competitive information.

The Court agrees that the technical experts' deposition transcripts are discoverable. As for damages expert depositions, the Court agrees that confidential, attorneys'-eyes-only treatment of those documents sufficiently addresses plaintiff's concerns. However, Pandora may redact competitors' "sensitive financial information" information. Pandora has not provided specific information regarding the volume of deposition transcripts at issue; however, basic production of the depositions would not be in any way burdensome, and the Court expects that the burden

4

posed by any redaction effort to be minimal, particularly given the protections provided by attorneys'-eyes-only designations.

### C. Document Request 6

This request seeks production of all documents Pandora has produced in other litigation regarding the '507 patent. Bajul states that its request is reasonably calculated to lead to the discovery of admissible evidence because all the issues involved in this case were at issue in the other litigations. Pandora argues that Bajul's request is overly broad because the other litigations involved counterclaims and defenses that are not at issue here. Thus, presumably, Pandora produced documents related to those counterclaims and defenses that would not be relevant to the claims here. To the extent Pandora's document productions contain documents solely related to those counterclaims and defenses, then, Bajul's request is overly broad, and the request is denied in that respect.

### D. Document Request 23

This request seeks all non-privileged documents (including internal correspondence) that contains the word "Bajul." Pandora argues that the request is overbroad and would require it to search every employee's office for documents that could not relate to the claims and defenses in this case. Pandora cites as an example that "Bajul" might appear on documents related to a tradeshow, but Bajul contends that such documents might be relevant to the claims or defenses in this case. An electronic search for documents containing the word "Bajul" would be relatively simple (and it appears that the parties have compromised on that point), but the Court agrees that Pandora need not search every employee's paper documents for the word "Bajul." The request is denied in that respect.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to compel (#42) is **GRANTED** in part and **DENIED** in part**.**

**IT IS FURTHER ORDERED** that plaintiff shall comply in accordance with this Memorandum and Order within 21 days.

Dated this   17th   day of March, 2011.

_____
UNITED STATES DISTRICT JUDGE