UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| PANDORA JEWELRY, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:10-CV-135 SNLJ |
| | ) | |
| BAJUL IMPORTS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This is a patent infringement case brought by plaintiff Pandora Jewelry, LLC ("Pandora"), a jewelry designer and retailer, against Bajul Imports, Inc. ("Bajul"). Pandora alleges that Bajul is infringing Pandora's Patent Number 7,007,507 ("Patent '507") in violation of 35 U.S.C. § 271(a), is inducing infringement under 35 U.S.C. § 271(b), and is a contributory infringer under 35 U.S.C. § 271(c). Patent '507 is for "necklaces and bracelets with keepers" (all caps formatting removed).

Defendant Bajul filed its Amended Answer, Affirmative Defenses, and Counterclaims on September 24, 2010 (#23). Now before the Court is Pandora's Motion to Dismiss Bajul's First and Third Affirmative Defenses and Second and Third Counterclaims, filed February 9, 2011 (#49). Bajul responded on February 21, 2011 (#55), and Pandora has replied (#56).

Bajul's first affirmative defense and second counterclaim encompass the claim that Pandora's '507 Patent is invalid. Bajul's third affirmative defense and third counterclaim essentially allege that Pandora's inequitable conduct renders the Patent '507 claims unenforceable.

Parties are obligated to diligently prosecute their claims and counterclaims. Fed. R. Civ. P. 41(b) & (c). In addition, Local Rules governing patent cases require that a party alleging invalidity of a patent make preliminary invalidity contentions. *See* E.D. Mo. Local Patent Rule 3-4.[1] In this particular case, the Case Management Order (#38) required that preliminary invalidity contentions be made by December 9, 2010.

Bajul has not filed its preliminary invalidity contentions, and Bajul has stated that it does not intend to assert invalidity of Patent '507. In expressing its intentions to Pandora, Bajul stated that it reserved the right to submit invalidity contentions if Pandora amends its infringement contentions. It is clear to the Court that Bajul has abandoned its invalidity defense and counterclaim, and both will be dismissed. However, if the Court were to grant Pandora leave to amend its infringement claim, Bajul would also be given the opportunity to respond and assert new claims or defenses as appropriate. Therefore, the Court will dismiss Bajul's First Affirmative Defense and Second Counterclaim without prejudice.

As for Bajul's Third Affirmative Defense and Third Counterclaim — inequitable conduct — Pandora contends that such a claim is inextricably intertwined with Bajul's invalidity counterclaim. Paragraph 11 of Bajul's invalidity claim states that "prior art renders invalid each claim of the '507 patent...under 35 U.S.C. § 102," and that the "prior art includes, but is not limited to, Pandora's own brochures and catalogs and jewelry marketed under the Lovelinks brand." The inequitable conduct counterclaim alleges that Pandora knew during the prosecution of its '507 Patent that the Lovelinks product was highly material to the prosecution of the patent, and that Pandora intentionally failed to disclose the existence of the Lovelinks product to the

---

[1]The Local Patent Rules for this District took effect on January 1, 2011. However, the parties had agreed to abide by District Judge Shaw's patent rules (which were precursors to the newly-effective Local Patent Rules) at the outset in this case.

Patent Office with the intent to deceive the examiner. Citing to 35 U.S.C. § 102(b), Bajul alleges at Paragraph 19 that "[a] person is not entitled to a patent for an invention that was described in a printed publication in this or a foreign country more than one year prior to the date of the application for patent in the United States." Thus, Bajul's inequitable conduct claim hinges on the argument that Pandora knew its Lovelinks product would render it unable to obtain a patent, but that Pandora prosecuted the patent anyway. Although Bajul is correct that "a patent may be valid and yet be rendered unenforceable for misuse or inequitable conduct," *Agfa Corp. v. Creo Products, Inc.*, 451 F.3d 1366, 1373 (Fed. Cir. 2006) (quotation omitted), Bajul's pleading alleges the requirements of validity/invalidity under 35 U.S.C. § 102(b) as the sole basis for its inequitable conduct claim. Because Bajul does not intend to press its invalidity claims, there is no basis for its inequitable conduct claims. Therefore, Bajul's Third Affirmative Defense and Third Counterclaim will be dismissed as well, but, again, with the understanding that if the Court were to grant Pandora leave to amend its infringement claim, Bajul would also be given the opportunity to respond and assert new claims or defenses as appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that Pandora's Motion to Dismiss Bajul's First and Third Affirmative Defenses and Second and Third Counterclaims, filed February 9, 2011 (#49) is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that Bajul's First and Third Affirmative Defenses and Second and Third Counterclaims are **DISMISSED without prejudice**.

Dated this __17th__ day of March, 2011.

/s/ Stephen L. Crocker (signature)
UNITED STATES DISTRICT JUDGE